UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT EARL KING, III                                                                CIVIL ACTION

VERSUS                                                                                          NO. 25-1395

JANE SMITH, ET AL.                                                                      SECTION: "I"(3)

## REPORT AND RECOMMENDATION

On July 3, 2025, while incarcerated at St. Tammany Jail, Plaintiff Robert Earl King, III, filed this federal civil rights complaint pursuant to 42 U.S.C. § 1983.[1]

King did not pay the filing fee or submit a pauper application with his complaint. On July 10, 2025, the Clerk of Court sent King a notice of this deficiency which required King to either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.[2] The necessary pauper form was provided to King with the Notice of Deficiency.[3] The envelope mailed to King at his prison address of record has not been returned as undeliverable.

On August 18, 2025, when King did not respond to the deficiency notice, the Court issued an order for King to show cause by September 18, 2025, why his complaint should not be dismissed for failure to prosecute by his failure to pay the filing fee or submit a certified pauper application.[4] The Court warned King that

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 2-1.
[4] R. Doc. 3.

"**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED.**"[5] The envelope mailed to King at his prison address of record has not been returned as undeliverable.

To date, King has not responded to the order, submitted a certified pauper application, or paid the filing fee. King's failure to comply with the orders to show cause clearly reflects a failure on his own part to prosecute.

In the light of the foregoing, it is appropriate to dismiss King's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because King is proceeding *pro se*, the Court need consider only his conduct in determining whether dismissal is proper under Rule 41(b). As noted, King was twice instructed to pay the required filing fee or submit an application to proceed as pauper. To date, the filing fee remains unpaid and no pauper application has been submitted. For these reasons, the Court is unable to advance King's claims on

---

[5] *Id.* at 2.

the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 10th day of October, 2025.

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**